# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ITOE PHILEMON SAKWE,

Petitioner,

v.

JEREMY CASEY, WARDEN, *et al.*,

Respondents.

Case No. 26-cv-02159-BAS-MMP

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 9)**

Petitioner Itoe Philemon Sakwe filed an Amended Habeas Petition pursuant to Section 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged and that he was improperly denied a bond hearing. (ECF No. 9.) The Government concedes that, given the Court's prior rulings, Petitioner's detention has been arbitrarily and unreasonably prolonged and that he is entitled to a bond hearing where the Government would bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a risk of flight. (ECF No. 11.) Petitioner counters that the Immigration Judges are universally compromised and unable to render fair and impartial decisions, and thus, Petitioner is entitled to immediate release. (ECF No. 12.) For the reasons stated below, the Court **GRANTS** the Petition to the extent Petitioner argues his detention has been arbitrarily and unreasonably prolonged but orders a bond hearing before an Immigration Judge as requested by the Government.

- 1 -

26cv2159

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Cameroon, entered the United States seeking asylum on January 26, 2025. (ECF No. 1.) He submitted an asylum application in May 2025. (*Id.*) An Immigration Judge denied his asylum application on January 28, 2026, and ordered him removed to Uganda. (*Id.*) Petitioner appealed this ruling to the Board of Immigration Appeals on February 22, 2026, where it remains pending. (*Id.*)

## III.    ANALYSIS

The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). The Government agrees that fifteen months is an arbitrary and unreasonably prolonged period of time for Petitioner to be detained.

Hence, the Court **GRANTS** the Petition to the extent it requests that a bond hearing be held before an Immigration Judge. However, the Court finds insufficient evidence to support Petitioner's claim that the neutrality of all Immigration Judges in the Southern

26cv2159

District of California has been compromised.  Consequently, the Court **DENIES** the Petition to the extent it requests that Petitioner be immediately released.

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Itoe Philemon Sakwe (A# 221-393-288) within 14 days of the date of this Order. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond.  If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 30, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv2159